UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION TRUST FUND
and WILLIAM BONLENDER,

          Plaintiffs,

                                   Case No. 24-cv-763-pp

   v.

BEST CCS, LLC
*d/b/a Clearcut Solutions*,

          Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 31) AND DISMISSING CASE

On June 19, 2024, the plaintiffs filed a complaint alleging that the defendant had violated the Employee Retirement Income Security Act of 1974 (ERISA) by failing to make payments to pension fund for all contributions required by the labor agreements. Dkt. No. 1. The plaintiffs' process server avers that he served the defendant's registered agent on June 30, 2024 at 11:35 a.m., dkt. no. 3, but the defendant has not appeared or answered. On August 1, 2024, the plaintiffs asked the clerk of court to enter default, dkt. no. 4, and filed a motion for an order requiring the defendant to submit to an audit, dkt. no. 5. The following day, the clerk entered default. The court ordered that within ten days the defendant must submit to an audit and allowed the plaintiffs to file a motion for default judgment within thirty days of completing the audit. Id. at 8.

1

On November 4, 2024, the plaintiffs filed a motion for the issuance of an order to show cause because the defendant had not complied with the court's order. Dkt. No. 9. The plaintiffs represented that multiple times, they had attempted to serve a copy of the injunction and order on the defendant's registered agent, Quinn Long, but that Long had refused service. Id. at 3. They stated that they also had served the defendant with the court's order by mail. Id. at 4. On January 15, 2025, the court ordered that by January 31, 2025, the defendant must show cause in writing why the court should not hold the defendant in contempt. Dkt. No. 11. After receiving from the defendant a letter regarding completed payments, dkt. no. 12, the court discharged the order to show cause and ordered that by the end of the day on May 28, 2025, the plaintiffs must file a status report, dkt. no. 13. On May 28, 2025, the plaintiffs filed a second motion for order to show cause because the defendant still had not submitted to an audit. Dkt. No. 14. On September 22, 2025, the court conducted a motion hearing, dkt. no. 18, and held the defendant corporation in contempt, dkt. no. 20.

The plaintiffs have filed multiple status reports regarding their efforts to complete the audit. Dkt. Nos. 23, 25, 26, 28. They represent that the defendants "have failed, neglected, and refused to carry out the provisions" of the court's order regarding the audit. Dkt. No. 32 at 2. On April 21, 2026, the plaintiffs filed the instant motion for default judgment. Dkt. No. 32. The court will grant the plaintiffs' motion and dismiss the case.

2

## I.  Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The affidavit of personal service dated July 1, 2024 avers that the plaintiffs' process server served Quinn Long, the defendant's registered agent, with the summons and complaint on June 30, 2024 at 11:35 a.m. at 1263 N. 45th Street, Milwaukee, WI 53208. Dkt. No. 3. Quinn Long also is the owner of the defendant corporation and filed a letter in response to the court's order to show cause. Dkt. No. 12. Service on a registered agent is a proper form of service on a limited liability company. See Fed. R. Civ. P. 4(h)(1)(B) (allowing service on a registered agent). The plaintiffs properly served the defendant with the summons and complaint well within the ninety-day period set by Fed. R. Civ. P. 4(m). The defendant's deadline to respond to the complaint was July 21, 2024, but because that was a Sunday, the deadline would have been extended to the following Monday. The defendant did not respond by the deadline or request an extension of time to do so; it has not responded at all. The clerk's entry of default was proper.

## II.  Plaintiffs' Motion for Default Judgment

Federal Rule of Civil Procedure 55 provides that after the clerk enters default, a plaintiff may move for default judgment. Fed. R. Civ. P. 55(b). When

3

the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. But "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The well-pleaded allegations of the complaint demonstrate that the defendant agreed to abide by terms of collective bargaining agreements with the Wisconsin Laborers District Council. Dkt. No. 1 at ¶7. Under the terms of the labor agreements, the defendant agreed to make contributions and payments to the pension fund by the fifteenth day of the month after the one during which the work was performed. Id. at ¶8. Despite demands that the defendant perform its statutory and contractual obligations, the plaintiffs determined that

4

the defendant had "failed, neglected, omitted, and refused to allow access" to the pension fund's auditor to determine whether the defendant made the required payments. Id. at ¶10. The well-pled allegations of the complaint and supporting exhibits establish liability. e360 Insight, 500 F.3d at 602. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, liquidated damages, interest and reasonable attorneys' fees and costs of the suit. 29 U.S.C. §1132(g)(2).

The court must conduct an inquiry to determine whether the plaintiffs have calculated the amount of damages with reasonable certainty. e360 Insight, 500 F.3d at 602. In support of their motion for default judgment, the plaintiffs submitted the affidavit of Renee Bradley, an auditor with Wilson-McShane Corporation, documenting delinquent contributions in the amount of $427 ($97.60 in unpaid contributions owed for the work month of April 2022 and $329.40 in unpaid contributions for the work month of August 2023), interest calculated at the rate of 1.5% of unpaid contributions per month or 18% per annum, totaling $270.21, and liquidated damages of $85.40, calculated at a maximum of 20%. Dkt. Nos. 33 at ¶¶6-8; 33-1 at 1-1; 33-6 at 8.

The plaintiffs also seek attorney fees in the amount of $4,608 and costs in the amount of $585.80. "[A]warding attorneys' fees 'for in-house counsel [is] appropriate where counsel is performing legal work that would otherwise be performed by outside counsel.'" Seventh Ave., Inc. v. Shaf Int'l, Inc., Case No. 16-cv-325, 2018 WL 1183741 (E.D. Wis. Mar. 7, 2018) (quoting Procter & Gamble Co. v. Weyerhaeuser Co., 711 F. Supp. 904 (N.D. Ill. 1989)). Attorney

Christopher Ahrens filed an affidavit that includes an explanation of the tasks completed, as well as the statement of fees. Dkt. Nos. 34 at ¶5; 34-2. Ahrens explains that he spent time reviewing and revising the complaint, attending a client meeting, reviewing correspondence, working on show cause pleadings, research and preparation for a hearing, drafting correspondence, researching noncompliance with court orders, reviewing the contribution history and drafting a brief. Dkt. No. 34-2. The plaintiffs' costs are $585.80, covering the filing fee and professional process servers. Id. at ¶6. Although the fees are slightly higher in this case compared to other similar cases, the defendant's noncompliance resulted in additional legal work. The court finds these fees and costs to be reasonable and will award the plaintiffs $5,193.80 in attorneys' fees and costs.

The court will enter judgment in favor of the plaintiffs in the total amount of $5,976.41. The evidence provided by the plaintiffs sufficiently establishes these calculations and total amounts, so a hearing is unnecessary. See e360 Insight, 500 F.3d at 602 (stating a hearing to determine damages is not necessary if the claimed amount is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits").

## III. Conclusion

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 31.

The court **ORDERS** that default judgment shall be entered in favor of the plaintiffs and against the defendant in the amount of $5,976.41.

6

The court **ORDERS** that this case is **DISMISSED.** The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 23rd day of July, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
Chief United States District Judge

7